UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

ALFRED G. OSTERWEIL                         CIVIL ACTION NO. 10-cv-0263

VERSUS                                       JUDGE WALTER

MICHAEL D. EDMONSON, ET AL          MAGISTRATE JUDGE HORNSBY

## MEMORANDUM RULING

**Introduction**

Alfred Osterweil ("Plaintiff") is a retired New Jersey attorney who, at the time he filed his complaint, resided in Sabine Parish. He filed a pro se complaint that seeks a declaration that the Louisiana concealed weapon permit laws are unconstitutional and an injunction against the enforcement of any such laws. Plaintiff names as defendants Governor Bobby Jindal, Attorney General James D. Caldwell, and Colonel Michael D. Edmonson (the Superintendent of the Louisiana State Police).

Defendants responded with a Motion to Dismiss or in the Alternative, Transfer (Doc. 11) based on venue issues. They argue that this is not a proper venue under 28 U.S.C. § 1391(b) and, in the alternative, transfer of venue to the Middle District of Louisiana would serve the convenience of the parties and witnesses and be in the interest of justice. See 28 U.S.C. § 1404(a). For the reasons that follow, this civil action will be transferred to the Middle District of Louisiana.

**The Complaint**

Louisiana residents may apply for a concealed carry permit by submitting fingerprints, a photograph, background information, a fee, and other required matters. The state police has a Concealed Handgun Permit Unit that reviews and acts on the permit applications. Plaintiff alleges that Louisiana law requires payment of a $50 fee, plus an additional $50 fee that must be paid by applicants who have resided in Louisiana for fewer than 15 years. Plaintiff has not resided within the state for 15 years, but he submitted only the basic $50 fee with his application. He alleged, at the time he filed his complaint, that his application had not yet been refused. Plaintiff nonetheless filed suit because of his belief "that the totality of the Louisiana concealed carry provisions violated his rights under the Constitutions of the United States and Louisiana." Complaint, ¶ 21. Plaintiff, in his memorandum on the venue issues, makes clear that he "desire to carry a concealed weapon without the necessity of seeking permission of the State of Louisiana to do so." But he also argues that the "extra fee on him as a resident within the State for less than 15 years violates the equal protection clause." Doc. 14.

**Timeliness**

Plaintiff argues that the motion to dismiss should be ignored on the grounds that it is untimely. The motion was filed on the extended May 4, 2010 deadline, so it was timely filed. Plaintiff appears to base his timeliness argument on the fact that the cover letter that accompanied his service copy was dated and mailed the next day, May 5, 2010. Rule 12

actually speaks of the time to "serve" (rather than file) an answer or other response to a complaint, and Rule 5(d) provides that any paper after the complaint that is required to be served must be filed within a reasonable time after service. Service by mail is complete upon mailing Fed. R. Civ. Proc. 5(b)(2)(C). Thus, there is an argument that Defendants were technically untimely under the rules, but the court's order (Doc. 7) that granted the extension of time stated that Defendants had until May 4 to "file" any responsive pleadings. Under the circumstances, the court considers the motion timely. Even if it were not timely, the court would grant the brief extension of time needed to render the filing timely.

**Venue Issues**

Defendants argue that venue is improper under Section 1391(b), which applies in federal question cases. The statute provides that such a case may be brought "only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, ... or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought."

The parties agree that all three defendants are sued only in their official capacities in this Ex parte Young type action. The Fifth Circuit has observed that the general rule in suits against public officials is that the official's residence for venue purpose is the district where he performs his official duties. Florida Nursing Home Association v. Page, 616 F.2d 1355, 1360 (5th Cir. 1980). It added, however, that most cases applying this principle have

involved federal officials, and state officials do not necessarily have a single residence. Id. Other courts have said, however, that a state official's residence is located at the state capitol for purposes of venue, even where branch offices of the state official's department are maintained in other parts of the state. Stanton-Negley Drug Company v. Pennsylvania Department of Public Welfare, 2008 WL 1881894, *4 (W.D. Pa. 2008). The Attorney General and the state police have branch offices in this district. The State has a number of other agencies with a presence in this district, but Plaintiff has not pointed to any official branch office of the governor himself. Thus, it is at least debatable as to whether venue is applicable under the first prong of the statute.

Plaintiff argues that venue is also proper under the second prong because a substantial part of the events or omissions giving rise to the claim occurred in this district. The only action Plaintiff points to is that he mailed his permit application from Sabine Parish, which is in this district. The application was received in Baton Rouge in the Middle District, and all matters regarding the consideration of the application will occur in Baton Rouge. The mailing of the application from within this district is the only event that occurred within this district that is among the events giving rise to the claim, although it is arguably a substantial part of those events. Once again, it is at least debatable as to whether venue is appropriate under the transactional venue provision. The third and final prong, the fallback provision, is unavailable to make venue proper here because there is another district in which the action

could have been brought; Plaintiff could have filed suit in the Middle District of Louisiana, where all defendants reside.

This court need not decide with certainty whether venue is proper under either of the first two prongs of Section 1391(b) because a transfer of venue to the Middle District of Louisiana is appropriate pursuant to Section 1404(a). The party who seeks transfer under that statute must show "good cause." That means he must satisfy the statutory requirements and clearly demonstrate that a transfer is for the convenience of parties and witnesses, in the interest of justice. In re Volkswagen of America, Inc., 545 F.3d 304, 315 (5th Cir. 2008) (en banc). The Volkswagen decision also set forth several private interest and public interest factors that are appropriate for consideration but not necessarily exhaustive or exclusive. Id.

The relevant interest factors in this case include: (1) all likely sources of proof are located in the Middle District where the administering agency and relevant officials reside; (2) witnesses in Baton Rouge may be beyond the subpoena power of this court because they are outside the district and more than 100 miles from this courthouse; (3) the cost of attendance for willing witnesses would be much greater in terms of travel time and hotel expenses that could be avoided if the case is in Baton Rouge; and (4) it would be burdensome to the taxpayers to pay the various state employees and officials who might be witnesses to travel to Shreveport, and this case would become a greater distraction to those public officials that would distance them from their offices and make it more difficult to attend to matters of public safety or other government functions. None of the public interest factors

are particularly relevant to this case, although it is worth noting that this is a statewide issue with no particular local interest in having the issue decided in this court rather than another federal court.

Transfer to the Middle District is appropriate if these factors show that it is a clearly more convenient venue than this one chosen by Plaintiff. The convenience of Plaintiff must also be considered, but the record indicates that Plaintiff is no longer residing in this district. He recently wrote the court and advised that effective May 31 he will have no viable mailing address or phone where he can be reached, but beginning about June 10 he will be able to receive mail and phone calls in Summit, New York. Doc. 16. The details of Plaintiff's move or travels are not known, but the letter at least indicates that Plaintiff is not a permanent resident of the Western District, decreasing any loss of convenience that would be occasioned to him by a transfer.

After considering all of the relevant factors, especially that all of the defendant public officials and relevant witnesses and source of proof are located in Baton Rouge, while Plaintiff apparently has no particularly strong connection to this district, the court determines that Defendants have shown good cause by clearly demonstrating that a transfer will best serve the convenience of the parties and witnesses and is in the interest of justice.

Accordingly, the **Motion (Doc. 11)** is **granted**. The Clerk of Court is directed to transfer this civil action to the Middle District of Louisiana.[1]

THUS DONE AND SIGNED in Shreveport, Louisiana, this 10th day of June, 2010.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff states in his memorandum that the defendants did not execute waiver of service forms that he mailed them, which required Plaintiff to incur the expense of actual service. Plaintiff states that he intends to file a motion for costs and fees. He should first review the decision in Moore v. Housemann, 591 F.3d 741, 747 (5th Cir. 2009), which held "that a state official sued in his official capacity is not subject to the mandatory waiver-of-service provisions of rule 4(d)." See also Libertarian Party v. Dardenne, 595 F.3d 215, 218-19 (5th Cir. 2010).