UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

ALFRED G. OSTERWEIL

VERSUS

COLONEL MICHAEL D. EDMONDSON,
SUPERINTENDENT-LOUISIANA STATE
POLICE, ET AL

CIVIL ACTION

NO. 3:10-398-JJB

## RULING ON DEFENDANT'S MOTION TO DISMISS

This matter is before the Court on Defendants' Motion to Dismiss (doc. 27). Plaintiff has filed an opposition (doc. 28) and Defendants have filed a reply (doc. 34). This Court's jurisdiction exists pursuant to 28 U.S.C. § 1331. There is no need for oral argument. For the following reasons, Defendants' Motion to Dismiss is GRANTED[1].

On February 18, 2010, Plaintiff, Alfred G. Osterweil ("Osterweil"), filed suit against Defendants, Michael D. Edmondson ("Edmondson"), Superintendent of Louisiana State Police, Bobby Jindal ("Jindal"), Governor of Louisiana, and James D. Caldwell ("Caldwell"), Attorney General of Louisiana, claiming that the State's process for obtaining a concealed handgun permit is unconstitutional (doc 1).

Specifically, Plaintiff challenges the following provisions: (1) all individuals applying for a concealed weapons permit must pay a $100 application fee, R.S.

---

[1] Plaintiff filed a Motion for Summary Judgment (doc. 22) which discusses the same claims that are the subject of Defendants' Motion to Dismiss (doc. 27). The Court will address Plaintiff's claims herein.

1

40:1379.3.1(A)(1); (2) individuals who resided outside of Louisiana at any time within the fifteen years prior to applying for a concealed handgun permit must pay an additional $50 to cover the costs of out-of-state background checks, La. R.S. 40:1379.3.1(A)(1); and (3) all individuals applying for a permit must hold harmless and indemnify the Department of Safety and Corrections, the state or any of its officers for liability arising from issuance of any permit, La. R.S. 40:1379.3(C)(2).

Plaintiff seeks preliminary and permanent injunctions preventing Defendants from enforcing Louisiana's concealed weapons statutes, a declaratory judgment declaring Louisiana's process for issuing concealed weapons permits unconstitutional, and fees and costs associated with the litigation (doc. 1).  Plaintiff claims that the statutes (1) violate his Second Amendment rights (doc. 22, pp. 8-12); (2) violate the Fourteenth Amendment by denying Equal Protection in the extension of a fundamental right (doc. 22, pp. 12-14); and (3) violate various provisions of the Louisiana Constitution (doc. 22, pp. 14-17).

On July 28, 2010, Defendants filed a Motion to Dismiss (doc. 27). Defendants assert that Plaintiff's suit should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) because (1) Plaintiff lacks standing; and (2) Plaintiff's suit is barred by the Eleventh Amendment (doc. 1, pp. 2-3). Defendants also assert that Plaintiff's suit should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) because Plaintiff claims that he has an

absolute right to carry a concealed weapon which is contradicted by Second Amendment jurisprudence (doc. 1, p. 3).

As to the standing issue, Defendant alleges that Plaintiff has not suffered any injury because (1) when he applied for a permit, he did not enclose the complained-of $50 fee required of applicants who have resided in Louisiana continuously for fewer than fifteen years; (2) Plaintiff has not yet been denied a concealed carry permit, but instead, simply had it returned for incompleteness; and (3) he did not exhaust either of the administrative remedies available under Louisiana law to an applicant who is denied a concealed handgun permit[2] (doc. 27, pp. 10-13).

Plaintiff argues that he should not be required to avail himself of the very procedures which he claims to be unconstitutional and which form the basis for his suit (doc. 28, pp. 6-7).

In order for a plaintiff to have standing, the plaintiff must establish that (1) he has or is about to suffer an injury in fact—a concrete and particularized or actual and imminent injury; (2) there is a causal connection between his injury and the defendant's conduct; and (3) the injury is likely to be redressed by a decision in his favor. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). When a plaintiff has established that he has suffered an injury in fact, he need

---

[2] An applicant who is denied a permit may either (1) request an informal review and an opportunity to state why he should not have been denied, with an additional appeal available if the review panel again denies the party's request for a permit or (2) request a formal appeal and hearing before the Department of Public Safety and Corrections.   La. Admin. Code. tit. 55 I, § 1315(A)(1) & (2) (2009)

3

not exhaust state administrative remedies prior to bringing an action under 42 U.SC. § 1983. *Damico v. California*, 389 U.S. 416, 416 (1967).

The Court finds that Plaintiff lacks standing. First, Plaintiff has not established an injury in fact. Plaintiff did not enclose the $50 fee required of an individual who has not lived in Louisiana continuously for the fifteen years preceding his application (doc. 1, par. 19). Moreover, Plaintiff has not been denied a concealed carry permit, but instead has refused to refile his application after it was returned to him for incompleteness (doc. 1, par. 21).

Moreover, the Court finds that Plaintiff has not established that Defendant—through application of the allegedly unconstitutional statute—has caused the alleged injury. Plaintiff's application was returned as incomplete, not only for failure to enclose the complained-of $50 fee, but also because he failed to provide proof that he had undergone firearm training as required by the statute (doc. 27, exhibit A). Because Plaintiff has otherwise failed to comply with even those procedures of which he does not complain, the Court cannot conclude that Plaintiff has suffered injury solely on the basis of the procedures of which he complains. Therefore, because Plaintiff lacks standing to maintain the present suit, the Court will GRANT Defendants' Motion to Dismiss.

## Conclusion

Because Plaintiff has failed to establish an injury in fact or that Defendant caused his alleged injury, the Court GRANTS Defendants' Motion to Dismiss (doc. 27).

Signed in Baton Rouge, Louisiana, on  October 13 , 2010.

JUDGE JAMES J. BRADY
MIDDLE DISTRICT OF LOUISIANA